UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WERSHE, Jr.,

        Plaintiff,         Case No. 1:12-cv-1375

v.         Honorable Gordon J. Quist

THOMAS COMBS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c). For the reasons that follow, the Court finds that Plaintiff's action is subject to dismissal for failure to state a claim.

**Factual Allegations**

Plaintiff Richard John Wershe, Jr., presently is incarcerated at the Oaks Correctional Facility in Manistee, Michigan, where he is serving a paroleable life sentence for a 1988 conviction for possessing with intent to deliver more than 650 grams of cocaine.[1] He sues Thomas Combs and Barbara Sampson, who are members of the Michigan Parole Board.

---

[1] Plaintiff asserts that he committed the offense while he was a juvenile and that he was initially sentenced to life in prison without parole; however, the statute under which he was sentenced, Mich. Comp. Laws § 333.7401(2)(a)(i), was found to be constitutionally defective. The successor statute applicable to Plaintiff's offense, Mich. Comp. Laws § 333.7401(2)(a), does not preclude parole.

In his complaint, Plaintiff alleges that he became eligible for parole consideration in December 2002, after serving 15 years in prison. On March 27, 2003, the parole board held a public hearing to consider Plaintiff for parole. On April 25, 2003, the parole board voted to withdraw interest in proceeding with Plaintiff's case and thereby denied him parole. Plaintiff contends that since March 2003, on every occasion when the parole board considered Plaintiff for parole, it has refused to hold a public hearing or to grant parole. In addition, it has refused to recommend a commutation of Plaintiff's sentence.

On March 22, 2012, Plaintiff received a notice from the Michigan Department of Corrections (MDOC) indicating that the parole board would conduct a review of Plaintiff's prisoner file to determine whether it had an interest in Plaintiff's case. On July 2, 2012, Plaintiff received a notice from the MDOC indicating that the parole board would interview Plaintiff on August 20, 2012. However, before conducting such an interview, Defendant Sampson and other members of the parole board voted to defer consideration of Plaintiff for parole. On July 23, 2012, the parole board issued a notice indicating that it had no interest in taking action regarding Plaintiff's parole at that time, and that Plaintiff's next parole interview would occur on December 3, 2017.

Plaintiff's counsel subsequently requested an explanation from the parole board regarding the cancellation of the August 20, 2012 interview. In response, Defendant Combs sent counsel a letter explaining that the notice regarding the interview was a mistake because the board merely intended to conduct a review of Plaintiff's file. As a result of that review, it determined that further consideration would be deferred until 2017.

Plaintiff asserts two claims in his complaint. In Count I of the complaint, Plaintiff contends that the parole board's failure to interview Plaintiff in accordance with its notice, and its

subsequent failure to provide an adequate explanation for cancellation of the interview, violates Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the Constitution. In support of his claim, Plaintiff notes that Michigan law requires the parole board to: (1) interview an eligible prisoner at the end of 10 years of the prisoner's sentence and thereafter "as determined by the parole board"; and (2) review an eligible prisoner's file at the end of 15 years of the prisoner's sentence and every 5 years thereafter. *See* Mich. Comp. Laws § 791.234(8). He also notes that Michigan law requires the parole board to notify the prisoner of a parole interview at least 30 days before the interview date and to allow the prisoner to be represented at the interview by an individual of his or her choice. *See* Mich. Comp. Laws § 791.234(9).

In Count II, Plaintiff asserts that the parole board's refusal to give more than "perfunctory" consideration to Plaintiff's eligibility for parole violates his right under the Eighth Amendment to be free of cruel and unusual punishment, because it deprives him of a meaningful opportunity to obtain release from prison. (Compl., docket #1, Page ID#9.)

As relief, Plaintiff seeks a declaratory judgment that his constitutional rights have been violated, as well as an injunction prohibiting the parole board from: (1) violating state law regarding parole proceedings; and (2) denying Plaintiff a "realistic opportunity" for parole release or a "meaningful review and determination" of his parole eligibility. (Compl., docket #1, Page ID#10.)

## Discussion

### I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process (Fifth and Fourteenth Amendments)

Plaintiff claims that Defendants violated his due process rights by failing to provide a parole interview or a meaningful consideration of his eligibility for parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. *Id.* at 1164-65. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton*

does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Plaintiff seems to suggest that he had a protected interest in a parole interview, either because he was entitled to one under Michigan law, Mich. Comp. Laws § 791.234, or because the parole board informed him that it had scheduled one. To the contrary, as the Sixth Circuit stated in *Sweeton*:

> [P]rocedural statutes and regulations governing parole do not create federal procedural due process rights. . . . Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole. So long as the parole discretion is broad, as in Michigan, the State has not created a constitutionally protected liberty interest by enacting procedural rules. The parole authorities of the State of Michigan may have been required to follow their own procedural statutes and regulations on parole . . . , but there is not now any viable legal theory by which Michigan state authorities are required to follow such procedural rules as a matter of *federal* due process.

*Sweeton*, 27 F.3d at 1164-65 (internal citation and quotation marks omitted) (emphasis in original). Likewise, Plaintiff cannot claim that the parole board violates his right to due process by failing to abide by Michigan procedural rules regarding parole interviews, or by failing to abide by its own notice of intent to conduct a parole interview. In short, because of the discretionary nature of Michigan's parole system, the Michigan Parole Board's failure to interview or consider Plaintiff for

parole implicates no interest protected by the right to due process. In the absence of a protected interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

### B. Eighth Amendment

Plaintiff further contends that Defendants' failure to give meaningful consideration to his parole eligibility violates his rights under the Eighth Amendment. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). That prohibition "is directed at two primary evils." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). One concerns "barbarous physical punishments" and those which, "although not physically barbarous, 'involve the unnecessary and wanton infliction of pain . . . .'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation and internal quotation marks omitted). The other concerns "sentences that are disproportionate to the crime committed." *Ivey*, 832 F.2d at 954.

Plaintiff's claim does not implicate either of the foregoing concerns. First, the denial of an inmate's parole (or the refusal to consider an inmate for parole) is not an unnecessary and wanton infliction of pain. *Carnes v. Engler*, 76 Fed. App'x 79, 81 (6th Cir. 2003). Second, the proportionality of Plaintiff's sentence is not at issue because the parole board did not issue Plaintiff's sentence; instead, it merely declined to shorten the sentence already imposed on him by deferring consideration of parole. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, *2 (6th Cir. Feb. 10, 1999) (rejecting an Eighth Amendment challenge to a parole denial as "factually baseless" because the parole board did not issue a sentence). Consequently, Plaintiff does not state an Eighth Amendment claim against Defendants for declining to consider Plaintiff for parole.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  January 22, 2013             /s/ Gordon J. Quist
                                     Gordon J. Quist
                                     United States District Judge