UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WERSHE, JR.,

        Plaintiff,

v.

THOMAS COMBS, *et al.*,

        Defendants.

                                /

Case No. 1:12-cv-1375

Hon. Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants Thomas Combs and Barbara Sampson's Motion to dismiss, or in the alternative, for summary judgment (docket no. 19).

**I.    Background**

Plaintiff, through counsel, filed a complaint on December 17, 2012. *See* Compl. (docket no. 1). This Court previously summarized his allegations as follows:

> Plaintiff Richard John Wershe, Jr., presently is incarcerated at the Oaks Correctional Facility in Manistee, Michigan, where he is serving a paroleable life sentence for a 1988 conviction for possessing with intent to deliver more than 650 grams of cocaine. [FN 1] He sues Thomas Combs and Barbara Sampson, who are members of the Michigan Parole Board.
>
> In his complaint, Plaintiff alleges that he became eligible for parole consideration in December 2002, after serving 15 years in prison. On March 27, 2003, the parole board held a public hearing to consider Plaintiff for parole. On April 25, 2003, the parole board voted to withdraw interest in proceeding with Plaintiff's case and thereby denied him parole. Plaintiff contends that since March 2003, on every occasion when the parole board considered Plaintiff for parole, it has refused to hold a public hearing or to grant parole. In addition, it has refused to recommend a commutation of Plaintiff's sentence.

On March 22, 2012, Plaintiff received a notice from the Michigan Department of Corrections (MDOC) indicating that the parole board would conduct a review of Plaintiff's prisoner file to determine whether it had an interest in Plaintiff's case. On July 2, 2012, Plaintiff received a notice from the MDOC indicating that the parole board would interview Plaintiff on August 20, 2012. However, before conducting such an interview, Defendant Sampson and other members of the parole board voted to defer consideration of Plaintiff for parole. On July 23, 2012, the parole board issued a notice indicating that it had no interest in taking action regarding Plaintiff's parole at that time, and that Plaintiff's next parole interview would occur on December 3, 2017.

Plaintiff's counsel subsequently requested an explanation from the parole board regarding the cancellation of the August 20, 2012 interview. In response, Defendant Combs sent counsel a letter explaining that the notice regarding the interview was a mistake because the board merely intended to conduct a review of Plaintiff's file. As a result of that review, it determined that further consideration would be deferred until 2017.

Plaintiff asserts two claims in his complaint. In Count I of the complaint, Plaintiff contends that the parole board's failure to interview Plaintiff in accordance with its notice, and its subsequent failure to provide an adequate explanation for cancellation of the interview, violates Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the Constitution. In support of his claim, Plaintiff notes that Michigan law requires the parole board to: (1) interview an eligible prisoner at the end of 10 years of the prisoner's sentence and thereafter "as determined by the parole board"; and (2) review an eligible prisoner's file at the end of 15 years of the prisoner's sentence and every 5 years thereafter. *See* Mich. Comp. Laws § 791.234(8). He also notes that Michigan law requires the parole board to notify the prisoner of a parole interview at least 30 days before the interview date and to allow the prisoner to be represented at the interview by an individual of his or her choice. *See* Mich. Comp. Laws § 791.234(9).

In Count II, Plaintiff asserts that the parole board's refusal to give more than "perfunctory" consideration to Plaintiff's eligibility for parole violates his right under the Eighth Amendment to be free of cruel and unusual punishment, because it deprives him of a meaningful opportunity to obtain release from prison. (Compl., docket #1, Page ID#9.)

As relief, Plaintiff seeks a declaratory judgment that his constitutional rights have been violated, as well as an injunction prohibiting the parole board from: (1) violating state law regarding parole proceedings; and (2) denying Plaintiff a "realistic opportunity" for parole release or a "meaningful review and determination" of his parole eligibility. (Compl., docket #1, Page ID#10.)

> [FN 1 Plaintiff asserts that he committed the offense while he was a juvenile and that he was initially sentenced to life in prison without parole; however, the statute under which he was sentenced, Mich. Comp. Laws § 333.7401(2)(a)(i), was found to be constitutionally defective. The successor statute applicable to Plaintiff's offense, Mich. Comp. Laws § 333.7401(2)(a), does not preclude parole.]

Opinion (docket no. 4, PageID.41-43). Upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court found that plaintiff failed to stated a claim for relief under § 1983 for either the Due Process claim alleged in Count I or the Eighth Amendment claim alleged in Count II, and dismissed the action. *Id.* at PageID.43-48; Judgment (docket no. 5).

Plaintiff appealed this Court's judgment to the Sixth Circuit, which entered an opinion affirming the dismissal of the Due Process claim alleged in Count I, reversing the dismissal of the Eighth Amendment claim in Count II, and remanding the action. *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). In reaching this determination, the Sixth Circuit noted that plaintiff's Eighth Amendment claim alleged in the complaint referred to the fact that he was a juvenile offender seeking parole, i.e., "[t]hat the Parole Board's most recent actions regarding Plaintiff, and its earlier decisions refusing to give Plaintiff's case anything more than perfunctory consideration, do not provide him, a juvenile offender, with a realistic opportunity to obtain his release from prison, and also fail to constitute a meaningful review and determination of Plaintiff's parole eligibility." *Id.* at 505.

The Sixth Circuit stated that the "realistic opportunity" language in plaintiff's complaint came from *Graham v. Florida*, 560 U.S. 48 (2010):

> where the Supreme Court held that the Eighth Amendment requires that juvenile offenders convicted of non-homicide offenses sentenced to life in prison for non-homicide crimes have a meaningful chance to obtain parole:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What a State must do, however, is give defendants like Graham *some meaningful opportunity* to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance.
>
> *Graham*, 560 U.S. at 75, 130 S.Ct. 2011 (emphasis added); *see id.* at 82, 130 S.Ct. 2011 ("A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some *realistic opportunity to obtain release* before the end of that term."). The Court reached this conclusion because "[l]ife without parole is an especially harsh punishment" for juvenile offenders, compared to adults, because "a juvenile offender will on average serve more years and a greater percentage of his life in prison than an adult offender" and "[w]ith respect to life without parole for juvenile nonhomicide offenders, none of the goals of penal sanctions that have been recognized as legitimate -- retribution, deterrence, incapacitation, and rehabilitation -- provides an adequate justification." *Graham*, 560 U.S. at 70, 71, 130 S.Ct. 2011 (internal citation omitted).

*Id.*

The Sixth Circuit pointed out that this Court rejected plaintiff's Eighth Amendment claim "with no mention of *Graham v. Florida*, analysis of whether *Graham* applies to Wershe, or consideration of whether Michigan parole proceedings provide a constitutionally meaningful opportunity for release." *Id.* The Sixth Circuit concluded that "[w]hether *Graham* applies to an individual in Wershe's position, and what constitutes a constitutionally meaningful and realistic opportunity for parole, are questions of first impression in this circuit.*"* *Id.* (citation omitted). However, the Sixth Circuit did not address these questions of first impression. *Id.* at 505-06. Rather, the Court affirmed the dismissal of plaintiff's due-process claim, vacated the dismissal of the Eighth Amendment claim, and remanded the matter for further proceedings in this Court. *Id.* at 506.

On remand, defendants were served and responded to the complaint by moving to dismiss or alternatively for summary judgment. Defendants' motion contains two discrete parts. First, defendants seek dismissal on the ground that, as a matter of law, *Graham* is a sentencing case which does not apply to plaintiff's claim, which is a § 1983 challenge to the action of the Parole Board rather than a challenge to his sentence as a juvenile offender. Second, in the alternative, if the Court finds that *Graham* applies to the actions of the Michigan Parole Board, as opposed to only the sentence imposed, the evidence supports the conclusion that plaintiff was provided a meaningful opportunity for release from prison.

**II.     Legal standard**

Defendants have filed a hybrid motion seeking to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56(a). Because the parties have filed numerous exhibits in addition to the pleadings, the Court will address the motion as one for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

#### A. Plaintiff's history with the Michigan Parole Board

The record reflects that plaintiff has been eligible for parole since March 10, 2000. On that date, Wayne Circuit Judge Thomas E. Jackson entered an "Order granting defendant's [Wershe's] motion for judicial determination of cooperation pursuant to MCL 791.234(9)". *See* Order (docket no. 1-1, PageID.11-12). In this order, Judge Jackson found that plaintiff "has provided substantial law enforcement cooperation" as defined by M.C.L. § 791.234(9), and "shall be eligible for parole review by the Michigan Parole Board pursuant to the provisions of the statute." *Id.* On August 29, 2002, the Michigan Parole Board advised plaintiff that he "will be eligible for consideration under the lifer law after serving 15 years (December 2002)." Michigan Parole Board Letter (Aug. 29, 2002) (docket no. 1-1, PageID.13). A parole hearing was held on March 27, 2003. *See* Michigan Parole Board Letter (April 30, 2003 (docket no. 1-1, PageID.19). After the hearing, the Michigan Parole Board "decided unanimously to take no interest in this case." Michigan Parole

Board document (April 25, 2003) (docket no. 1-1, PageID.21). On May 21, 2012 the Michigan Parole Board mailed plaintiff a "Notice of intent to conduct a parole board review for prisoners serving a life sentence." *See* Notice (docket no. 1-2, PageID.22). Plaintiff was later sent a Notice that his Michigan Parole Board interview was scheduled for August 20, 2012. *See* Notice (docket no. 1-2, PageID.23). However, it appears that the Michigan Parole Board conducted a review of plaintiff's case (as opposed to an interview of plaintiff) on July 23, 2012, determined that it had no interest in taking action at that time, and scheduled plaintiff for a parole interview on December 9, 2017. Michigan Parole Board Notice of Decision (docket no. 1-2, PageID.24).

In a letter dated August 21, 2012, defendant Combs advised plaintiff's counsel that the interview notice was sent in error. Combs Letter (Aug. 21, 2012) (docket no. 1-2, PageID.26-27). Defendant Combs' letter explained plaintiff's status with respect to parole, providing in pertinent part:

> Our records indicate that Mr. Wershe is currently serving a life sentence for Possession with Intent to Deliver Over 650 Grams of Cocaine.
>
> Effective March 10, 2000, changes were made in several statutes regarding life sentences. Prisoners serving life sentences are interviewed after serving 10 calendar years of their life sentence. The Parole Board is only required to review each prisoner's file every 5 years thereafter. Subsequent interviews will only be conducted as determined by the Board.
>
> When the Board reviews a life sentence, the members consider many factors, including but not limited to, how many years have been served, the severity of the crime, whether a death resulted, any physical or psychological injury to the victim, whether the crime is a sexual offense or involved sexually assaultive behavior, any prior convictions and the nature of those convictions, the prisoner's current age, physical and mental health, institutional adjustment and involvement in educational, vocational or therapy programs. The Parole Board also takes into consideration information contained within the Pre-Sentence Investigation Report (PSI), Parole Eligibility Report (PER), Psychological Reports, Misconduct Reports and Security Classification Reviews.

> Recently, Mr. Wershe was eligible for a lifer 5-year file review. On May 22, 2012, Mr. Wershe signed a *Notice of Intent to Conduct a Parole Board Review for Prisoners Serving a Life Sentence*. Due to a clerical error, Mr. Wershe received a *Notice of Intent to Conduct a Parole Board Interview*. The interviewing board member had no interest in conducting an interview and voted accordingly in this case. On July 23, 2012, the case closed with no interest.
>
> Since Mr. Wershe is serving a life sentence he is subject to MCL 791.234 also know as the Lifer Law. A majority of the Parole Board had no interest in proceeding to a lifer law public hearing as set forth in MCL 791.234. The Board's decision not to interview a prisoner serving a life sentence, or not to proceed with a public hearing, is not a denial of parole. Therefore, M.C.L. § 791.235 is not applicable and no written explanation of the Board's decision was requi[red].
>
> Mr. Wershe will be eligible for a lifer 5-year file review on or about his Official Date of December 9, 2017. The information you provided will be placed in Mr. Wershe's central office file.

*Id.*

### B. Plaintiff's Eighth Amendment claim

Plaintiff has alleged a violation of his rights under the Eighth Amendment, which provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment's prohibition against cruel and unusual punishment is directed at "two primary evils." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). First, a prohibition against "barbarous physical punishments" including punishments "which, although not physically barbarous, involve the unnecessary and wanton infliction of pain." *Id.* quoting *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). Second, a prohibition against "sentences that are disproportionate to the crime committed." *Id.* quoting *Solem v. Helm*, 463 U.S. 277, 284 (1983).

### C. The Sixth Circuit's two questions

#### 1. Whether *Graham* applies to an individual in Wershe's position

In response to the Sixth Circuit's first question, the undersigned concludes that the Supreme Court's holding in *Graham* does not apply to an individual in plaintiff's position.

##### a. The *Graham* decision

The *Graham* decision involved a 17-year-old criminal defendant sentenced to life imprisonment. *Graham*, 560 U.S. at 53-57. Because Florida had abolished its parole system, the life sentence gave the juvenile defendant no possibility of release unless he was granted clemency. *Id.* at 57. The sentence was affirmed on appeal in the state courts. *Id.* at 57-58. The issue before the Supreme Court was "whether the Constitution permits a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime." *Id.* at 52-53. On review, the Supreme Court concluded that whether a juvenile defendant's life sentence without parole involved disproportionate punishment in violation of the Eighth Amendment involved "a categorical challenge to a term-of-years sentence." *Id.* at 61. The Supreme Court noted that while "life without parole is the second most severe penalty permitted by law," such sentences "share some characteristics with death sentences that are shared by no other sentences." *Id.* at 69 (internal quotation marks omitted). In this regard:

> The State does not execute the offender sentenced to life without parole, but the sentence alters the offender's life by a forfeiture that is irrevocable. It deprives the convict of the most basic liberties without giving hope of restoration, except perhaps by executive clemency -- the remote possibility of which does not mitigate the harshness of the sentence.

*Id.* at 69-70. In observing that "[l]ife without parole is an especially harsh punishment for a juvenile," the Supreme Court point out that "[u]nder this sentence a juvenile offender will on average serve more years and a greater percentage of his life in prison than an adult offender." *Id.* at 70.

The Supreme Court explained that such a sentence is unconstitutional:

> This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment. Because "[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood," those who were below that age when the offense was committed may not be sentenced to life without parole for a nonhomicide crime.
>
> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.

*Id.* at 74-75 (internal citation omitted) (emphasis added). In summary, the Supreme Court held that:

> The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.

*Id.* at 82.

### b. Plaintiff's claim does not involve a constitutional error in the trial court's sentence

Plaintiff's claim does not arise from the type of life sentence found unconstitutional in *Graham*. The *Graham* decision addressed an Eighth Amendment challenge to a life sentence issued by a trial court which forever denied the convicted juvenile an opportunity for parole, i.e., a "judgment at the outset that [the plaintiff] never will be fit to reenter society." *Id.* at 75. Plaintiff is not facing such a sentence. Plaintiff alleged in his complaint that while he was originally sentenced to life without parole in 1988, the statute upon which he was sentenced was found to be unconstitutional. Compl. at ¶¶ 10-12, PageID.4-5.[1] Unlike the defendant in *Graham*, plaintiff was eligible for parole review about 12 years after his sentencing (i.e., March 10, 2000). *Id. See* Order (docket no. 1-1, PageID.11-12) (finding that on March 10, 2000, plaintiff "shall be eligible for parole review by the Michigan Parole Board pursuant to the provisions of the statute"); Michigan Parole Board Letter (Aug. 29, 2002) (docket no. 1-1, PageID.13) (advising plaintiff that he "will be eligible for consideration under the lifer law after serving 15 years (December 2002)"). The *Graham* decision does not extend to juvenile defendants who are not facing a sentence of life without parole. *See Bunch v. Smith*, 685 F.3d 546, 551 (6th Cir. 2012) (rejecting habeas petitioner's claim seeking to extend *Graham* "beyond its plain language to a juvenile offender who received consecutive, fixed-term sentences," observing that *"Graham* involved a categorical challenge to a particular type of sentence").

---

[1] Plaintiff does not address this allegation in any detail. The Court notes that prior to 1998, possession with intent to deliver more than 650 grams of cocaine, M.C.L. § 333.7401(2)(a)(i) "required imposition of a nonparolable life sentence," resulting in imprisonment "for natural life without parole." *Gilmore v. Parole Board*, 247 Mich. App. 205, 212 , fn. 2, 635 N.W.2d 345 (2001). "However, in 1998, the Legislature amended the law to allow parole in certain circumstances. See 1998 PA 314." *Id.*

Furthermore, a challenge to the validity and duration of a sentence imposed by the state trial court is brought as one for habeas relief under 28 U.S.C. § 2254, not as a conditions of confinement claim against a state parole board under 42 U.S.C. § 1983 as alleged by plaintiff in this action. As the Supreme Court explained:

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution" . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983. *Ibid.*

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Not surprisingly, a number of courts, the Sixth Circuit included, have addressed a state prisoner's claim for relief for an alleged violation of *Graham* as a habeas action brought pursuant to 28 U.S.C. § 2254. *See Bunch*, 685 F.3d 546 at 551 (in habeas action brought under § 2254, the court rejected petitioner's claim seeking to extend *Graham* "beyond its plain language to a juvenile offender who received consecutive, fixed-term sentences," observing that *"Graham* involved a categorical challenge to a particular type of sentence"); *LeBlanc v. Mathena*, No. 2:12cv340, 2015 WL 4042175 at *19 (E.D. Va. July 1, 2015) (in granting habeas petition brought under § 2254, the court held that the petitioner "may not be sentenced to life without the possibility of parole for nonhomicide offenses he committed as a juvenile"); *Hedgespeth v. Warden, Louisiana State Penitentiary*, No. 11-cv-2078, 2015 WL 1089325 at *8 (W.D. La. March 4, 2015) (in denying habeas petition under § 2254, the court stated that "Louisiana has begun its exploration of how to

comply with *Graham*, and the Supreme Court has not clearly established in *Graham* or any other decision that the current Louisiana approach is unconstitutional"); *Roldan v. Barnes*, No. ED CV 13-394-JLS(E), 2015 WL 103467 at *15-17 (C.D. Ca. Jan. 7, 2015) (the petitioner's claim under *Graham* was construed as a categorical challenge to his sentence under the Eighth Amendment, with the court noting that "Petitioner fails to argue, and the record fails to show, that Petitioner would not receive a 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation' at a future parole suitability hearing"). In this regard, at least four circuits have determined that the rule announced in *Graham* applies retroactively on collateral review pursuant to 28 U.S.C. §§ 2254 and 2255. *See In re Williams*, 759 F.3d 66, 70 (D.C. Cir. 2014) ("*Graham* clearly states a new rule . . . that was not previously available: the case was certainly the first recognition that the Eighth Amendment bars the imposition of life imprisonment without parole on non-homicide offenders under age eighteen") (§ 2255) (internal citation and quotation marks omitted); *Moore v. Biter*, 725 F.3d 1184, 1190 (9th Cir. 2013) (§ 2254); *In re Moss*, 703 F.3d 1301, 1302 (11th Cir. 2013) (§ 2255); *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011) (§ 2255).

In summary, plaintiff's claim before this Court does not involve a juvenile sentence of life without parole found unconstitutional in *Graham*. Accordingly, the Supreme Court's decision in *Graham* is not applicable to plaintiff's action.

    **2.**    **What constitutes a constitutionally meaningful and realistic opportunity for parole**

As discussed, the *Graham* decision does not apply to plaintiff's sentence in this case. Therefore, it is unnecessary for this Court to determine, as a matter of first impression, "what

constitutes a constitutionally meaningful and realistic opportunity for parole" under *Graham*. *See Wershe*, 763 F.3d at 505-06.

Plaintiff is serving a life sentence for possession with intent to deliver over 650 grams of cocaine. The record reflects that plaintiff has been eligible for parole since 2000: on March 10, 2000, a state court judge found that plaintiff was eligible for parole review by the Michigan Parole Board pursuant to the provisions of M.C.L. § 791.234(9); on August 29, 2002, the parole board advised plaintiff that he would be eligible for consideration for parole under the lifer law after serving 15 years; a parole hearing was held on March 27, 2003; the parole board conducted a five-year file review in 2012; and plaintiff's next five-year file review will take place in 2017. *See* discussion in § III.A., *supra*. Based on this record, the undersigned adopts the reasoning set forth in the Court's initial opinion which denied plaintiff's claim that defendants failed to give meaningful consideration to his parole eligibility:

> Plaintiff further contends that Defendants' failure to give meaningful consideration to his parole eligibility violates his rights under the Eighth Amendment. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits cruel and unusual punishments. *See* U.S.CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). That prohibition "is directed at two primary evils." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). One concerns "barbarous physical punishments" and those which, "although not physically barbarous, 'involve the unnecessary and wanton infliction of pain . . . .'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation and internal quotation marks omitted). The other concerns "sentences that are disproportionate to the crime committed." *Ivey*, 832 F.2d at 954.
>
> Plaintiff's claim does not implicate either of the foregoing concerns. First, the denial of an inmate's parole (or the refusal to consider an inmate for parole) is not an unnecessary and wanton infliction of pain. *Carnes v. Engler*, 76 Fed. App'x 79, 81 (6th Cir. 2003). Second, the proportionality of Plaintiff's sentence is not at issue because the parole board did not issue Plaintiff's sentence; instead, it merely declined to shorten the sentence already imposed on him by deferring consideration of parole. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, *2 (6th Cir. Feb. 10, 1999)

(rejecting an Eighth Amendment challenge to a parole denial as "factually baseless" because the parole board did not issue a sentence). Consequently, Plaintiff does not state an Eighth Amendment claim against Defendants for declining to consider Plaintiff for parole.

Opinion at PageID.47.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion for summary judgment (docket no. 19) be **GRANTED** and that this action be **TERMINATED**.

Dated: January 5, 2016 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).